UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK G. CHAREST,  )<br>  )<br>    Plaintiff,  )<br>v.  )<br>  )<br>PRESIDENT AND FELLOWS OF  )<br>HARVARD COLLEGE and ANDREW G.  )<br>MYERS,  )<br>  )<br>    Defendants.  )<br>  ) | Civil No.: 13-cv-11556-DPW |

### DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Defendants President and Fellows of Harvard College and Dr. Andrew G. Myers hereby submit this Request for Judicial Notice in connection with their Motion to Dismiss the Complaint of Dr. Mark G. Charest. Pursuant to this Request, Defendants ask the Court to take judicial notice of the Exhibits submitted with their Motion.

In ruling on a motion to dismiss, the Court may consider "not only the complaint, but also matters fairly incorporated within it, and matters susceptible to judicial notice without converting the motion to dismiss into a motion for summary judgment." *Green v. Rhode Island*, 398 F.3d 45, 48 (1st. Cir. 2005). The Court may take judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Furthermore, the Court may take judicial notice of documents submitted with a motion to dismiss when (1) the documents are referred to in a plaintiff's complaint, (2) the documents are central to plaintiff's claims, and/or (3) the plaintiff has not challenged their authenticity. *See Ouch v. Fannie Mae*, No. 11-12090-RWZ, 2013 U.S. Dist. LEXIS 4058, *15, n.6 (D. Mass. Jan. 10, 2013); (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st. Cir. 1993) and stating that

4817-7877-5061.1

the agreement attached to defendants' motion to dismiss could be considered without converting, because it was of the type referred to in the complaint, its terms were central to plaintiffs' claims, and plaintiffs had not challenged its authenticity)); *Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 357, 363 (D. Mass 2010) (stating that a court may consider documents central to the plaintiff's claim or sufficiently referred to in the complaint without converting the motion to dismiss into one for summary judgment); *SEC v. SG Ltd.*, 142 F. Supp. 2d 126, 128 (D. Mass 2001) (stating that attachment to defendant's motion to dismiss was properly before the Court because plaintiff neither challenged its authenticity nor moved to strike it).

Here, the Court should take judicial notice of each of the Exhibits attached to Defendants' Memorandum of Law in Support of their Motion to Dismiss.  Exhibit A is a copy of the so-called "Pioneering Tetracycline Patents," and Exhibit B is a copy of the Assignment granted by Plaintiff to Harvard of all of his right, title and interest to those Patents.  Both Exhibits A and B are documents that were filed with and are available at the United States Patent and Trademark Office ("USPTO"). Exhibit G is a copy of a relevant excerpt from the National Institutes of Health ("NIH") Grants Policy Statement.   The accuracy of Exhibits A, B, and G cannot reasonably be questioned.  *See, e.g., Martin v. Mead Johnson Nutrition Co.*, No. 09-11609-NMG, 2010 U.S. Dist. LEXIS 105019, *5 (D. Mass. Sept. 13, 2010) (taking judicial notice of government agency reports and holding that reports of a government agency are not subject to reasonable dispute); *Coinstar, Inc. v. Coinbank Automated Sys., Inc.*, 998 F. Supp. 1109, 1114 (N.D. Cal. 1998) (granting defendant's request for judicial notice of two patents).   Moreover, Exhibits A and B (the Patents and the Assignment), are expressly referred to in Plaintiff's Complaint and are central to several of his claims.  Accordingly, the Court should take judicial notice of these Exhibits.

The Court should also take judicial notice of the remaining Exhibits: Exhibits C – F.  These Exhibits are copies of the relevant versions of Harvard's internal Policy governing intellectual

property (the "IP Policy").  The IP Policy is expressly referred to in Plaintiff's Complaint and is central to all of his claims, with the exception of Count VI.  *See, e.g., Boston Sci. Corp. v. Schneider (EUR.) AG*, 983 F. Supp. 245, 252 (D. Mass. 1997) (taking judicial notice of a settlement agreement adequately referenced in the complaint); *Dao v. Univ. of Cal.*, No. C-04-2257, 2004 U.S. Dist. LEXIS 16828, * 11 (N.D. Cal. Aug. 13, 2004) (taking judicial notice of University's grievance policies and procedures).

**WHEREFORE**, Defendants respectfully request that the Court take judicial notice of the Exhibits submitted in connection with their Motion to Dismiss, attached as Exhibits A – G to the Memorandum of Law in Support.

| Dated: September 3, 2013 | */s/ Michael J. Tuteur* <br> Michael J. Tuteur (BBO #543780) <br> Geoffrey M. Raux (BBO #674788) <br> FOLEY & LARDNER LLP <br> 111 Huntington Avenue <br> Boston, MA 02199 <br> Tel:  (617) 342-4000 <br> Fax: (617) 342-4001 <br> *mtuteur@foley.com* <br> *graux@foley.com* <br> <br> *Attorneys for Defendants President and Fellows of Harvard College and Dr. Andrew G. Myers* |
|---|---|